**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KONSTANTINOS PANAGATOS,<br><br>                       Plaintiff,<br><br>       -against-<br><br>PETSMART INC.,<br><br>                     Defendant. | CIVIL ACTION<br><br>NO.<br><br>**NOTICE FOR REMOVAL**<br>**OF ACTION PURSUANT TO**<br>**28 U.S.C. §1441**<br><br>**JURY TRIAL DEMANDED** |

Defendant, PetSmart Inc. (hereinafter "Defendant"), by and through its attorneys, The Chartwell Law Offices, LLP, hereby removes the above-captioned civil action, and all claims and causes of action therein, from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§1332, 1441 and 1446 and, in support thereof, respectfully represents:

1.      Plaintiff filed the above-captioned action on May 10, 2018, in the Supreme Court of the State of New York, County of Suffolk, under Index. No. 609043/2018 (hereinafter "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons with Notice and Complaint (hereinafter "Complaint") filed in the State Court Action is annexed hereto as **Exhibit "A."**

2.      In the Complaint, plaintiff, Konstantinos Panagatos (hereinafter "Plaintiff"), alleges that on May 23, 2016, he was caused to sustain personal injuries at premises located at 3050 Middle Country Road, Hamlet of Nesconset, Town of Smithtown, County of Suffolk, State of New York due to the alleged negligence of Defendant. *See,* Exhibit "A".

3.      Defendant joined issue by service of its Answer on June 14, 2018 (hereinafter "Answer"). Pursuant to 28 U.S.C. § 1446(a), a copy the Answer filed in the State Court Action is

annexed hereto as **Exhibit "B."**

4.      Thereafter, on June 21, 2018, Plaintiff served a Supplemental Summons with Notice and Amended Complaint (hereinafter "Amended Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of this Supplemental Summons and Amended Complaint is annexed hereto as **Exhibit "C"**.

5.      The Amended Complaint corrected the improper designation that Plaintiff had attributed to Defendant in the Complaint. *Cf.*, Exhibit "A" and Exhibit "C". It did not add any new allegations or additional parties.

6.      Defendant joined issue by service of its Answer to Amended Complaint on June 21, 2018 (hereinafter "Amended Answer"). Pursuant to 28 U.S.C. § 1446(a), a copy of this Answer to Amended Complaint is annexed hereto as **Exhibit "D"**.

7.      At the time that it served its Answer, or on June 14, 2018, Defendant also served Plaintiff with its Notice to Admit via first class mail, a copy of which is annexed hereto as **Exhibit "E"**.

8.      The Notice to Admit requested that Plaintiff admit or deny that, "Plaintiff seeks damages, if proven at trial, in excess of $75,000.00, exclusive of interest and costs." *See,* Exhibit "E".

9.      On July 17, 2018, Defendant received a request from Plaintiff's counsel to extend his time to respond to the Notice to Admit until August 10, 2018, which request was granted. Copies of email correspondences memorializing this agreement are collectively annexed hereto as **Exhibit "F"**.

10.      On August 9, 2018, Defendant received an additional request from Plaintiff's counsel to extend his time to respond to the Notice to Admit for an additional ten (10) days, which request

was granted on August 10, 2018. A copy of the email correspondence memorializing this further agreement is annexed hereto as **Exhibit "G"**.

11.     On August 20, 2018, Defendant received Plaintiff's Response to Notice to Admit, a copy of which is annexed hereto as **Exhibit "H"**.

12.     In his Response to Notice to Admit, Plaintiff admitted that "he will seek damages, if proven at trial, in excess of $75,000.00 exclusive of interest and costs." *See*, Exhibit "H".

13.     On August 23, 2018, Defendant received Plaintiff's Consent to Change Attorney, indicating Plaintiff's retention of the law firm Rappaport, Glass, Levine & Zullo, LLP, to represent him in this action. A copy of the Consent to Change Attorney is annexed hereto as **Exhibit "I"**.

## REMOVAL IS TIMELY

14.     As noted above, Defendant sent the Notice to Admit to Plaintiff's counsel via first class mail on, June 14, 2018. *See*, Exhibit "E."

15.     After obtaining multiple extensions of time to respond to the Notice to Admit (*see*, Exhibits "G" and "H"), on August 20, 2018, Defendant received Plaintiff's Response to Notice to Admit, in which he admitted to seeking damages in excess of $75,000. *See*, Exhibit "H".

16.     Prior to August 20, 2018, Plaintiff did not provide any oral or written representation, either implicit or explicit, nor any written documentation including by way of the Complaint or Amended Complaint, indicating the total damages to which Plaintiff deems himself to be entitled by reason of the claims set forth in therein.

17.     Therefore, Removal is timely insofar as Defendant has sought removal within thirty (30) days from the date it first obtained an "other paper," in accordance with 28 U.S.C. §1446(b)(3), from which it could be ascertained that Plaintiff's Complaint and Amended Complaint seek an

amount in controversy that exceeds $75,000. *See, e.g., Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010)(holding that, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.").

18.    28 U.S.C. § 1446(b)(3) reads, in pertinent part, that:

> ... if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

19.    28 U.S.C. § 1446(c)(3)(A) reads, in pertinent part, that:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3).

20.    Plaintiff's Response to Notice to Admit constitutes an "other paper" within the meaning of 28 U.S.C. § 1446 to support removal.

21.    The Notice of Removal was timely as Defendant had until September 19, 2018, or thirty (30) days from August 20, 2018, to remove this action.

## THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332

22.    This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because (1) there is complete diversity between Plaintiff and Defendant as they are citizens of different states; and (2) Plaintiff's alleged damages exceed the requisite $75,000.00 threshold.

23.    First, jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship as between Plaintiff and Defendant.

24.    According to the Amended Complaint, Plaintiff, Konstantinos Panagatos, is a resident

of the State of New York, County of Suffolk. *See*, Exhibit "C" at ¶ 1.

25.      Defendant, PetSmart, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Maricopa County, State of Arizona.

26.      Second, jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00. *See*, Exhibit "H."

27.      Defendant will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and will file a copy of this Notice with the Clerk of the Supreme Court of the State of New York, County of Suffolk, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, the above action now pending against Defendant, PetSmart Inc., in the Supreme Court of the State of New York, County of Suffolk, is hereby removed therefrom to the United States District Court for the Eastern District of New York and the Clerk of the Supreme Court of the State of New York, County of Suffolk is hereby directed to transfer and furnish the complete file maintained by said State Court to this Honorable Court.

Dated: New York, New York
       September 5, 2018

                                                    **THE CHARTWELL LAW OFFICES, LLP**


                                          BY:     */s/ Andrew J. Furman*
                                                  Andrew J. Furman, Esq.
                                                  John M. Wutz, Esq.
                                                  *Attorneys for Defendant*
                                                  *PetSmart Inc.*
                                                  One Battery Park Plaza, 35th Floor
                                                  New York, NY 10004
                                                  P: (212) 968-2300
                                                  F: (212) 968-2400
                                                  afurman@chartwelllaw.com

## <u>CERTIFICATION</u>

I, ANDREW J. FURMAN, certifies and says that he is the attorney for Defendant, PetSmart, Inc.; that, he has read the foregoing Notice for Removal of Action Pursuant to 28 U.S.C. §1441 and knows the contents thereof; that he is authorized to make this Certification on behalf of PetSmart, Inc.; and that the facts alleged in the Notice of Removal are true and correct to the best of his knowledge, information and belief.

_/s/ Andrew J. Furman_____
ANDREW J. FURMAN