Case 2:18-cv-05032-SJF-AKT Document 1-1 Filed 09/05/18 Page 1 of 4 PageID #: 7

SUPREME COURT OF NEW YORK, SUFFOLK COUNTY

-----------------------------------------------------------------X

KONSTANTINOS PANAGATOS,

                                     Plaintiff,

        -against-

PETSMART,

                                  Defendant.

-----------------------------------------------------------------X

Plaintiff(s) designates
**SUFFOLK**
County as the place of trial

The basis of the venue is
*Plaintiff's residence*

*SUMMONS WITH NOTICE*
Plaintiff(s) reside(s) at
*62 Forest Avenue*
*Nesconset NY 11767*

*To the above named Defendant(s)*

    ***You are hereby summoned*** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Commack, NY
       May 10, 2018

Defendant's Address:

PetSmart
3050 Middle Country Road
Nesconset NY 11767

**SARISOHN, SARISOHN, CARNER & DeVITA**
Attorneys for Plaintiff(s)
350 Veterans Memorial Highway
Commack NY 11725
(631) 543-7667

*Notice:  The object of this action is* **NEGLIGENCE**

*The relief sought is* **MONEY DAMAGES**

*Upon your failure to appear, judgment will be taken against you by default with interest and the costs of this action.*

Case 2:18-cv-05032-SJF-AKT   Document 1-1   Filed 09/05/18   Page 2 of 4 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X

KONSTANTINOS PANAGATOS,                                          **COMPLAINT**

                                        Plaintiff,

              -against-

PETSMART,

                                        Defendant.
------------------------------------------------------------------X

Plaintiff, complaining of the defendant, through SARISOHN, SARISOHN, CARNER & DeVITA, his attorneys, respectfully allege:

1.      That at all times hereinafter mentioned, plaintiff herein resides in the County of Suffolk and State of New York.

2.      Upon information and belief, that at all times hereinafter mentioned, the defendant, PETSMART, was the owner of certain land and premises located at 3050 Middle Country Road, in the hamlet of Nesconset, Town of Smithtown, County of Suffolk and State of New York.

3.      Upon information and belief, that at all times hereinafter mentioned, the defendant, PETSMART, was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York, having a place of business at 3050 Middle Country Road, in the hamlet of Nesconset, Town of Smithtown, County of Suffolk and State of New York.

4.      Upon information and belief, that at all times hereinafter mentioned, the defendant, PETSMART, was and still is in possession and control of, and maintained, operated, supervised, managed and controlled the aforesaid premises located at 3050 Middle Country Road, in the hamlet of Nesconset, Town of Smithtown, County of Suffolk and State of New York.

1

Case 2:18-cv-05032-SJF-AKT   Document 1-1   Filed 09/05/18   Page 3 of 4 PageID #: 9
INDEX NO. 609043/2018

5.      Upon information and belief, that at all times hereinafter mentioned, the defendant, PETSMART, was and still is doing business as a pet supply store, at the aforesaid premises located at 3050 Middle Country Road, in the hamlet of Nesconset, Town of Smithtown, County of Suffolk and State of New York.

6.      That on or about the 23rd day of May, 2016, while the plaintiff was lawfully upon the aforesaid premises, he was caused to slip, fall and be precipitated to the ground, due to water accumulated upon the floor of defendant's premises.

7.      That as a result thereof, the plaintiff herein was injured.

8.      Defendant, PETSMART, its agents, servants and/or employees were negligent in carelessly and negligently operating, managing, maintaining, supervising and controlling the aforesaid premises; in failing and omitting to keep the said premises in a safe and proper condition so as to make the same safe for persons lawfully thereon; in carelessly and negligently permitting the said premises to be and remain in an unsafe and dangerous condition for persons lawfully thereon; in causing and creating a hazard to persons lawfully upon said premises; in failing and omitting to warn the plaintiff of the dangerous and defective condition existing thereat; in carelessly and negligently permitting said premises to be maintained, supervised and controlled improperly, dangerously and defectively in allowing and permitting water to accumulate upon the floor; in negligently and carelessly failing and omitting to properly train and supervise its agents, etc. in the performing of their duties; in allowing and permitting a dangerous and defective, hazardous and traplike condition to be and exist in an area where the public in failing and omitting to avoid and guard against the happening of the said accident, and in being otherwise careless and negligent in the ownership, operation, management and control of the said premises.

2

FILED: SUFFOLK COUNTY CLERK 05/10/2018 11:37 AM INDEX NO. 609043/2018

NYSCEF DOC. NO. 2                                                                 RECEIVED NYSCEF: 05/10/2018

9.    On information and belief, that at the time and place aforesaid, defendant, its agents, servants and/or employees had actual knowledge and notice of the dangerous and defective condition existing thereat, or the same had constructive notice of such condition, it having existed for a sufficient length of time prior to the happening of this accident, for defendant, its agents, servants and/or employees to have both knowledge and notice thereof.

10.    That as a result of the foregoing, this plaintiff sustained serious personal injuries, was compelled to undergo medical aid, treatment and attention, all with attendant losses, and since some of his injuries are of a personal and lasting nature, he will continue to suffer similar damage in the future.

11.    That there is a duty imposed by law on the defendant to conduct its cleaning/maintenance operations with reasonable care and avoid the creation of a dangerous condition.

12.    That as a result of the foregoing, this plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

*WHEREFORE*, plaintiff demands judgment against the defendant, together with the costs and disbursements of this action.

Gerard A. DeVita, Esq.
SARISOHN, SARISOHN, CARNER & DeVITA
Attorneys for Plaintiff
350 Veterans Memorial Highway
Commack NY 11725
(631) 543-7667

3