UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KONSTANTINOS PANAGATOS,

                                                            Plaintiff,

           -against-

PETSMART, INC.,

                                                           Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
18-cv-5032 (SJF) (AKT)

**FILED**
**CLERK**

11:46 am, Dec 14, 2020

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

Plaintiff Konstantinos Panagatos ("Panagatos" or "Plaintiff") commenced this diversity action against Defendant Petsmart, Inc. ("Petsmart" or "Defendant") seeking to recover damages for personal injuries he allegedly sustained as a result of a slip and fall on Defendant's premises. Currently before the Court is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Motion, Docket Entry ("DE") [31]. Plaintiff has opposed the motion. For the reasons set forth herein, the motion is granted.

**I. BACKGROUND**

The facts, which are undisputed unless otherwise noted, are drawn from Defendant's Statement of Material Facts ("Def. 56.1 Stmt."), DE [31-2], and the Declaration of John M. Wutz, Esq. ("Wutz Decl."), DE [31-1] and exhibits thereto.[1] Only those facts that are material

---

[1] Defendant's Rule 56.1 statement comprises fifty-six (56) numbered paragraphs with citations to evidence. Plaintiff's responding Rule 56.1 statement, however, consists of only six (6) paragraphs, *see* Plaintiff's Statement of Material Facts, DE [31-30]; ("Pl. 56.1 Stmt."), and thus fails to comply with Local Civil Rule 56.1's directive that the opposing statement must include "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party. . ." LOCAL CIV. R. 56.1 (b). The first paragraph of Plaintiff's statement notes that Plaintiff "does not have an issue with the majority of the facts set forth in defendant's Statement of Material Facts except for certain omissions and conflicts in the testimony of all parties." Pl. 56.1 Stmt, ¶1. The remaining five (5) paragraphs consist of various statements with citations to evidence, but without any designation as to which of Defendant's factual statements are in dispute. Upon review of both statements, the Court determines that Plaintiff's

to the disposition of the motion are set forth herein. *See Zann Kwan v. Andalex Grp.,* 737 F.3d 834, 843 (2d Cir. 2013) ("The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" (brackets in original) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986))).

## A. Factual History

On May 23, 2016, Plaintiff was at Defendant's store located in Nesconset, New York (the "Store") to purchase pet food. He arrived at the Store around noon, and immediately headed towards the back to use the restroom. He walked through the door into the men's restroom and slipped, falling backwards to the ground. Plaintiff testified that both feet slipped out front under him, and that he fell, landing on his left side, hip and elbow, and back. No one else was in the restroom and there were no witnesses to the fall, nor was there any video footage.

---

statement relates to the following paragraphs in Defendant's statement: ¶¶2, 17, 20, 48-49, 52-54. All other paragraphs of Defendant's statement are deemed admitted for purposes of this motion. *See* LOCAL CIV. R. 56.1 (c) (any numbered paragraph in the movant's statement of material facts that is not "specifically controverted by a correspondingly numbered paragraph" in the opponent's statement "will be deemed to be admitted for purposes of the motion.").

Plaintiff has also submitted a declaration from his attorney. *See* Declaration of Matthew J. Zullo in Opposition, DE [31-29]. An attorney's declaration submitted in connection with a motion for summary judgment typically is used only to place documentary evidence before the Court. *See Osuna v. Gov. Employees Inc. Co.,* No. 11-CV-3631, 2014 WL 1515563, at *5 (E.D.N.Y. Apr. 17, 2014), *aff'd* 623 F. App'x 3 (2d Cir. 2015). To the extent such a submission presents factual statements, it must comply with the requirement of Rule 56 that a declaration used to oppose a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). A declaration not based on the attorney's first-hand knowledge is not accorded any weight. *See Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983); *Omnipoint Commc'ns, Inc. v. Common Council of City of Peekskill*, 202 F. Supp. 2d 210, 213 (S.D.N.Y. 2002). In addition, using an attorney's declaration to advance legal arguments is improper. *See Curran v. Aetna Life Ins. Co.*, No. 13-CV-00289, 2016 WL 3843085, at *8 (S.D.N.Y. July 11, 2016); *Genometrica Rsch. Inc. v. Gorbovitski*, No. 11-CV-05802, 2013 WL 394892, at *4 (E.D.N.Y. Jan. 31, 2013). Accordingly, the Court has not considered legal arguments and factual allegations contained within the Zullo declaration.

Plaintiff noticed he was lying in water. He had not noticed any water when he came through the door. After he got up, he saw water that "looked like it was mopped ... but wasn't dry yet... you could see the swirls." Wutz Decl., Ex. Q, Deposition of Konstantinos Panagatos ("Pl. Dep.") at 69, He further described the water as a puddle "with drips then towards the back it looked like streaky." *Id.* at 70. He did not know whether the streaks were wet or dry. *Id.* at 76. Plaintiff testified that he believes it was water as it looked like water, "it wasn't stained with anything," and it didn't smell of bleach. *Id.* at 72. While he identified a "lemony smell," he did not know if that came from the air freshener. *Id.* He could not remember the dimensions of the puddle, but said it was located across from the sink. He identified two photographs as fairly and accurately depicting the condition of the restroom floor at the time of the incident. *Id.* at 97; Wutz Decl., Ex. R.

Plaintiff reported the incident to a cashier, who in turn went to get her manager. Plaintiff told the manager that he had slipped on water in the restroom. Plaintiff and the manager, Assistant Store Leader Nancy Bahnsen ("Bahnsen"), filled out an incident report. Wutz Decl., Ex. L, Petsmart Incident Report Form ("Incident Report"). The Incident Report states that "Customer walked into bathroom. Slipped on water. Fell down hitting knee and shoulder." *Id.* It further indicates that there were no witnesses, no video surveillance, and that photographs were taken. The time of the incident is noted as 12:35 p.m., which Bahnsen testified was the time the incident took place, a fact provided to her by Plaintiff, not the time the report was prepared. Bahnsen was not aware of any maintenance issues with the men's restroom, nor had she received any complaints with regard to that restroom.

David Jones ("Jones"), a management level employee at the Store,[2] was also present in the Store the day of the incident. In May 2016, Jones was responsible for opening the Store at 6:00 a.m. The opening included various tasks including, *inter alia,* inspecting the restrooms. The restroom would first be inspected between 6:30 and 7:00 a.m., and routinely inspected four additional times a day, at 9:00 a.m., 1:00 p.m., 5:00 p.m., and 9:00 p.m. Logs or inspection records regarding the restrooms were not maintained. If any store employee observed something in the restroom at any time, it was store practice that the employee would either take care of it or notify someone else to take care of it. The restroom was cleaned at closing, at which time surfaces were wiped, trash was emptied, and floors were mopped. Wutz Decl., Ex. T, Jones Deposition at 12. Cleaning during the day was performed as needed. *Id.,* Ex. S, Bahnsen Deposition at 16.

On May 23, 2016, Jones did not observe anything unusual in the men's restroom when he conducted his inspections, first between 6:30 and 7:00 a.m., and again at 9:00 a.m. Jones took his lunch break from approximately 11:20 a.m. to 12:20 p.m. After clocking out for his break, Jones went to the men's restroom to wash his hands. At that time, around 11:20 a.m., he testified that he observed "nothing out of the ordinary," and there was no water on the floor anywhere. Def. 56.1 Stmt ¶51.

Upon his return from his break, Bahnsen asked Jones to inspect the men's restroom. He took a mop and caution sign, then went into the restroom and noticed "a small amount of liquid on the floor in the center of the bathroom." Def. 56.1 Stmt ¶53. Jones put up a caution sign, then took photographs of the water with his cell phone. Jones was unaware of any leaks in the toilet or sink, *id.* ¶56, and did not determine the source of the water. Jones Dep. at 22.

---

[2] Jones identified himself as a Merchandising Inventory Leader, Def. 56.1 Stmt ¶44, while Bahnsen referred to him as the "presentation manager." *Id.* ¶31.

4

## B. Procedural History

The complaint was filed in New York Supreme Court on or about May 10, 2018, an amended complaint was served on or about June 21, 2018, and the case was timely removed to this court. The amended complaint asserts a single claim of negligence. Discovery having been completed, Defendant now moves for summary judgment, arguing that there is no evidence that it created the condition that allegedly caused Plaintiff's fall, nor did it have actual or constructive knowledge of the condition. Plaintiff counters that there is sufficient evidence showing that Defendant created the condition and thus had actual knowledge of it. He further argues that Defendant has not provided evidence showing when the restroom was last cleaned or formally inspected prior to Plaintiff's fall and therefore has not established that it did not have constructive knowledge of the condition.

## II. LEGAL STANDARDS

### A. Summary Judgment

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting FED. R. CIV. P. 56(a)). In deciding a motion for summary judgment, "the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted); *see also Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (the court must not "weigh the evidence but is instead required to view the evidence in the light most favorable

to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments.").

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). If the moving party satisfies its initial burden, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact." *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks omitted); *see also Anderson,* 477 U.S. at 248 (a motion for summary judgment should be denied if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). All facts under consideration must be directly supported by admissible evidence. *See* FED. R. CIV. P. 56(c). Furthermore, "[i]n cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Tenay v. Culinary Teachers Ass'n of Hyde Park,* 281 F. App'x 11, 13 (2d Cir. 2008) (internal quotation marks and citation omitted); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and warrants judgment in the moving party's favor); *Stephanides v. BJ's Wholesale Club, Inc.,* No. 12 CV 0083, 2013 WL 1694901, at *4 (E.D.N.Y. Apr. 18, 2013) (defendant's burden "may be discharged by showing that there is an absence of evidence to support the plaintiff's case").

The party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts" but rather "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (internal quotation marks omitted); *see also Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (noting that "[c]onclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact."). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252) (alterations in original).

**B. Negligence**

A plaintiff asserting a negligence claim under New York law must demonstrate "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.,* 459 F.3d 273, 286 (2d Cir. 2006) (internal quotation marks and citation omitted). Where the case arises in the context of a slip-and-fall at a premises, "a plaintiff must demonstrate the existence of a dangerous or defective condition and must show either [1] that the defendant created a dangerous condition or [2] that defendant had actual or constructive knowledge of the condition." *Taylor v. Manheim Remarketing, Inc.,* 752 F. App'x 94, 95 (2d Cir. 2019) (summary order) (internal quotation marks and citation omitted).

In a case brought in federal court based on the diversity of citizenship of the parties, New York law[3] governs the substantive aspects of the claim, while federal law dictates the standard

---

[3] The parties assume without expressly stating that New York law governs in this case. When a federal district court in New York sits in diversity in a slip-and-fall case, it applies the substantive law of the State of New York. *See Czochanski v. Tishman Speyer Props., Ltd.,* 45 F. App'x 45, 46 (2d Cir. 2002).

7

for deciding a summary judgment motion. "[T]he issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938) and its progeny, and accordingly is subject to federal rather than state law." *Tingling v. Great Atl. & Pac. Tea Co.,* No. 02 CV 4196, 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003); *see also Lyman v. PetSmart, Inc.,* No. 16 Civ. 4627, 2018 WL 4538908, at *2 (S.D.N.Y. Sept. 21, 2018) (while "New York state law governs the substantive slip and fall claim . . . federal law applies to the procedural aspects"); *Painchault v. Target Corp.,* No. 09-CV-1831, 2011 WL 4344150, at *3 (E.D.N.Y. Sept. 14, 2011) ("[t]hough New York law applies a different standard for summary judgment in slip-and-fall cases, the federal standard controls here because what burdens each party bears on summary judgment is a procedural rather than substantive matter" (quotations, alterations, and citation omitted)).

 In slip-and-fall actions, federal and New York state law differ on who bears the burden of proof on summary judgment. Under state law, the defendant has the "initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it." *Vasquez v. U.S.,* No. 14-CV-1510, 2016 WL 315879, at *4 (S.D.N.Y. Jan. 15, 2016) (quoting *Levine v. Amverserve Ass'n, Inc.,* 92 A.D.2d 728, 938 N.Y.S.2d 593, 593 (2d Dep't 2012)) ; *see also Casierra v. Target Corp.,* No. 09-CV-1301, 2010 WL 2793778, *1 n.1 (E.D.N.Y. July 12, 2010) (the New York state court standard requires that a defendant in a slip-and-fall case must "satisfy a threshold burden by presenting affirmative evidence that it neither created the hazard nor had constructive notice of it" ).

. "Conversely, under federal law, the moving party need not make any affirmative prima facie showing on [a] motion for summary judgment, and may discharge its burden of proof merely by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim." *Lyman,* 2018 WL 4538908, at *3 (alterations in original, internal quotation marks and citation omitted); *see also Strass v. Costco Wholesale Corp.,* No. 14-CV-6924, 2016 WL 3448578, at *3 (E.D.N.Y. June 17, 2016) ("[u]nder the federal summary judgment standard, Defendant is not required to put forth evidence affirmatively demonstrating its lack of knowledge or its constructive knowledge; rather, it need only show that Plaintiffs will not be able to prove at trial that Defendant had such knowledge"). "In other words, in federal court the absence of evidence at the summary judgment stage redounds to the detriment of the plaintiff, not the defendant." *Santora v. Costco Wholesale Corp.,* No. 17-cv-4415, 2018 WL 5886442, at *3 (S.D.N.Y. Nov. 8, 2018). Summary judgment is warranted if "the record contains no evidence establishing a genuine issue of material fact with respect to causation, actual notice or constructive notice." *Tenay,* 281 F. App'x at 13.

     Defendant in its memorandum of law acknowledges that the federal burden of proof standard applies, and points to Plaintiff's failure to adduce evidence regarding the elements of his premises liability claim. Plaintiff, however, applies the New York standard and bases his entire argument on Defendant's failure to make a prima facie case that it neither created the hazardous condition nor had actual or constructive notice of the condition. With limited exceptions, he cites only New York state court cases in support of his arguments.[4]

---

[4] He cites three cases from the Second Circuit regarding summary judgment standards. One is cited for the proposition that the evidence is to be construed in the light most favorable to the non-moving party, and two to support the statement that summary judgment should only be granted "if there is no doubt as to the absence of a triable issue." *See* Pl. Opp. at 2.

## III. DISCUSSION

### A. Creation of the Condition

Plaintiff has not put forth evidence that would support an inference that Petsmart created the condition that allegedly caused him to fall. In his response to Defendant's interrogatories, Plaintiff stated that he did not know who caused the condition. Wutz Decl. Ex. M, Plaintiff's Response to First Set of Interrogatories, ¶13. At his deposition, Plaintiff testified that the puddle was streaky or had swirls and "looked like it was mopped ... but wasn't dry yet," and he assumed that it came from a mop. Based on this observation and two photographs, Plaintiff implies that some unidentified person mopped the restroom and left the puddle. Defendants were unable to identify the source of the puddle.

On summary judgment, a plaintiff's burden "is not merely to proffer a plausible theory, but to present evidence from which a reasonable jury could draw the inference that Defendant created the hazardous condition." *Strass*, 2016 WL 3448578, at *4 (internal quotation marks and citation omitted). Plaintiff did not know the source of the water that created the puddle, offering only his speculation that it came from a mop. He did not see anyone with a mop, Pl. Dep. at 71, much less identify a Petsmart employee using one. There is no evidence that anyone mopped the floor that day at any time prior to Plaintiff's accident. Defendant's undisputed testimony is that the restroom was routinely cleaned once, at closing, and other cleanups were done on an as-needed basis. During the day in the hours leading to the incident, there were no reports of spills, and nothing was noticed by Jones on the three occasions he observed the restroom. Thus, there is no evidence that supports an inference that a condition necessitating the use of a mop existed in the restroom prior to the incident much less that an employee of Petsmart wielded one. Absent any evidence that Defendant created the condition, summary judgment is warranted. *See*

10

*Strass,* 2016 WL 3448578, at *4 (granting summary judgment where plaintiff failed to raise any evidence that defendant created the spill and it was undisputed that plaintiff did not know the origin of the condition); *Painchault,* 2011 WL 4344150, at *3 (granting summary judgment where there was nothing to indicate that a small puddle of water was caused by defendant and neither plaintiff nor defendant knew the source of the spill); *Doona v. Onesource Holdings, Inc.,* 680 F. Supp. 2d 394, 404 (E.D.N.Y. 2010) (despite plaintiff's speculation "on what *could* have occurred," he failed to produce "evidence that establishes or leads to a reasonable inference of what in fact, did occur" (emphasis in original)); *Quarles v. Columbia Sussex Corp.,* 997 F. Supp. 327, 331 (E.D.N.Y. 1998) (where there is " is no proof, only mere speculation, as to how the substance got on the floor, or whether the defendants or their employees created the condition, and absent evidentiary proof in admissible form to prove otherwise, the plaintiff has not raised a triable issue of fact" ).

**B. Actual or Constructive Notice**

Actual notice may exist where a defendant "creates the defective condition or receives reports about it such that actual knowledge can be inferred." *Stephanides*, 2013 WL 1694901, at *5; *see also Thaqi v. Wal-Mart Stores E., LP,* No. 09-CV-755, 2014 WL 1330925, at *4 (E.D.N.Y. Mar. 31, 2014) ("[t]o constitute actual notice, a plaintiff must prove that the defendant received a report of or was otherwise aware of the dangerous condition"). As discussed above, there is no evidence that Defendant created the condition. In addition, there is no evidence, nor does Plaintiff argue, that Defendant's employees received any complaints or notification that would constitute actual notice. Thus, the remaining issue is whether Petsmart had constructive notice of any hazardous condition.

Constructive notice may be found "if the defect is visible and apparent and in existence for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Stephanides*, 2013 WL 1694901, at *5 (internal quotation marks and citation omitted); *see Gordon v. Am. Museum of Natural History,* 67 N.Y.2d 836, 837, 492 N.E.2d 774, 501 N.Y.S.2d 646 (1986). The mere fact that there was a foreign substance on the floor is not, by itself, sufficient to support a claim of negligence. *See Casierra,* 2010 WL 2793778, at *2. Instead, a plaintiff must provide some evidence that would support an inference that the substance was there long enough that defendant should have become aware of it. Circumstantial evidence can be used to raise an inference of constructive notice. *See, e.g., Contreras v. Wal-Mart Stores East, LP,* No. CV 18-3589, 2019 WL 7599888, at *6 (E.D.N.Y. Nov. 12, 2019) (constructive notice of accumulated water in store vestibule could be inferred from circumstantial evidence that it had rained for nearly twelve hour before the accident, video footage showed customers were carrying wet umbrellas, and store employees were in and/or had clear views of the vestibule), *adopted by* 2020 WL 1429473 (E.D.N.Y. Mar. 24, 2020).

Here, there are two pieces of evidence regarding the presence of the puddle in the restroom – it was not there when Jones went in at approximately 11:20 a.m., and it was there when Plaintiff slipped at approximately l2:35 p.m. The only inference that can be supported by this evidence is that the condition was created at some point within the intervening one hour and fifteen minutes. There is no evidence, however, as to when that event occurred within that interval. It could have happened at 11:21 a.m. or it could have happened scant minutes before Plaintiff entered the restroom at 12:35 p.m. Where there is no direct or circumstantial evidence of how long a substance was on the floor, however, it would be rank speculation to infer that it was there for a sufficient length of time. *See Casierra,* 2010 WL 2793778, at *3 (absent

evidence, "the lotion may have been on the floor for a long time, or it may have spilled moments before [plaintiff] slipped on it"); *Doona,* 680 F. Supp. 2d at 405 (no constructive notice where "plaintiff cannot show any period of time at all in which the puddle of water remained on the floor, except for immediately prior to the accident"). As there is no evidence regarding the length of time the water was on the floor, there was no constructive notice to defendant and summary judgment in its favor is appropriate. *See Stephanides*, 2013 WL 1694901, at *5 ("where the plaintiff is unable to establish how long the condition causing the accident existed prior to the accident, courts have entered summary judgment in favor of the defendant" ). Plaintiff has not offered any evidence that, viewed in the light most favorable to him and affording him all reasonable inferences, would allow a jury to reasonably infer that Defendant had actual or constructive notice of the condition. Accordingly, summary judgment is granted to Defendant.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment, DE [31] , is granted. The Clerk of the Court is directed to enter judgment for Defendant and to close the case.

**SO ORDERED**.

/s/ *Sandra J. Feuerstein*

Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
        December 14, 2020

13